Clifford P. Bendau, II (030204)
THE BENDAU LAW FIRM PLLC
6350 East Thomas Road, Suite 330
Scottsdale, Arizona 85251
Telephone: (480) 296-7887
Facsimile: (480) 429-3679
Email: cliffordbendau@bendaulaw.com
Attorney for Plaintiff

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| Codi R. Kievit,<br><br>  Plaintiff,<br><br>vs.<br><br>Boom Entertainment, LLC d/b/a Blur Nightclub, Myan Investments LLC d/b/a Blur Nightclub, Jonathan A. Wechsler, Garrick R. Boone,<br><br>  Defendants. | No. _____<br><br>**COMPLAINT** |

COMES NOW Plaintiff, Codi R. Kievit ("Plaintiff"), individually, by and through the undersigned attorney and sues the Defendants, Boom Entertainment, LLC d/b/a Blur Nightclub ("Defendant Boom"), Myan Investments LLC d/b/a Blur Nightclub ("Defendant Myan"), Jonathan A. Wechsler ("Defendant Wechsler"), and Garrick R. Boone ("Defendant Boone") (collectively, "Defendants"), and she alleges as follows:

**PRELIMINARY STATEMENT**

1.      This is an action for unpaid wages, liquidated damages, attorneys' fees, costs, and interest under the Fair Labor Standards Act ("FLSA"), as amended, 29 U.S.C. § 216(b).

2. The FLSA was enacted "to protect all covered workers from substandard wages and oppressive working hours." Barrentine v. Ark Best Freight Sys. Inc., 450 U.S. 728, 739 (1981). Under the FLSA, employers must pay all non-exempt employees a minimum wage of pay for all time spent working during their regular 40 hour workweeks. See 29 U.S.C. § 206(a). The FLSA's definition of the term "wage," in turn, recognizes that under certain circumstances, an employer of tipped employees may credit a portion of its employees' tips against its minimum wage obligation, a practice commonly referred to as taking a "tip credit." See id. § 203(m).

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1367 and 29 U.S.C. § 201, *et seq*. This civil action arises under the Constitution and law of the United States and Arizona Revised Statutes ("ARS).

4. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(ii) because acts giving rise to the claims of Plaintiff occurred within the District of Arizona, and Defendants regularly conduct business in and have engaged in the wrongful conduct alleged herein – and, thus, are subject to personal jurisdiction in – this judicial district.

## PARTIES

5. At all material times, Plaintiff is an individual residing in Maricopa County, Arizona, and is a former employee of Defendants.

6. At all material times, Defendant Boom was a corporation duly licensed to transact business in the State of Arizona. Defendant Boom does business, has offices,

and/or maintains agents for the transaction of its customary business in Maricopa County, Arizona.

7. At all relevant times, Plaintiff was an employee of Defendant Boom. At all relevant times, Defendant Boom, acting through its agents, representatives, employees, managers, members, and/or other representatives had the authority to hire and fire employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiff's employment with Defendant Boom. In any event, at all relevant times, Defendant Boom was an employer subject to the Fair Labor Standards Act (FLSA) and employed Plaintiff.

8. At all relevant times, Plaintiff was an employee of Defendant Myan. At all relevant times, Defendant Myan, acting through its agents, representatives, employees, managers, members, and/or other representatives had the authority to hire and fire employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiff's employment with Defendant Myan. In any event, at all relevant times, Defendant Myan was an employer subject to the Fair Labor Standards Act (FLSA) and employed Plaintiff.

9. At all relevant times, Defendant Wechsler owns, operates as a manager of, operates as a member of, and/or possesses a similar interest in Defendants Boom and Myan. At all relevant times, Defendant Wechsler had the authority to hire and fire employees, supervised and controlled work schedules or the conditions of employment, determined the

rate and method of payment, and maintained employment records in connection with Plaintiff's employment with Defendants Boom and Myan. In any event, at all relevant times, Defendant Wechsler was an employer subject to the FLSA and employed Plaintiff.

10. Upon information and belief, Defendant Wechsler was and continues to be a resident of Maricopa County, Arizona.

11. Jane Doe Wechsler is the fictitious name for Defendant Wechsler's wife. When her true name has been ascertained, this Complaint shall be amended accordingly. Jonathon Wechsler and Jane Doe Wechsler have caused events to take place giving rise to this Complaint to which their marital community is fully liable.

12. At all relevant times, Defendant Boone owns, operates as a manager of, operates as a member of, and/or possesses a similar interest in Defendants Boom and Myan. At all relevant times, Defendant Boone had the authority to hire and fire employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiff's Employment with Defendants Boom and Myan. In any event, at all relevant times, Defendant Boone was an employer subject to the FLSA and employed Plaintiff.

13. Upon information and belief, Defendant Boone was and continues to be a resident of Maricopa County, Arizona.

14. Jane Doe Boone is the fictitious name for Defendant Boone's wife. When her true name has been ascertained, this Complaint shall be amended accordingly. Garrick R. Boone and Jane Doe Boone have caused events to take place giving rise to this Complaint to which their marital community is fully liable.

15. At all relevant times, Plaintiff was an "employee" of Defendants as defined by the FLSA, 29 U.S.C. § 201, *et seq.*

16. The provisions set forth in the FLSA, 29 U.S.C. § 201, *et seq.*, apply to Defendants.

17. At all relevant times, Defendants were and continue to be "employers" as defined by FLSA, 29 U.S.C. § 201, *et seq.*

18. Defendants individually and/or through an enterprise or agent, directed and exercised control over Plaintiff's work and wages at all relevant times.

19. Plaintiff, in her work for Defendants, was employed by an enterprise engaged in commerce that had annual gross sales of at least $500,000.

## **NATURE OF THE CLAIM**

20. Defendants own and/or operate as Boom Entertainment LLC d/b/a Blur Nightclub, an enterprise located in Maricopa County, Arizona.

21. Defendants own and/or operate as Myan Investments LLC d/b/a Blur Nightclub, an enterprise located in Maricopa County, Arizona.

22. Plaintiff was hired by Defendants as an employee, and Plaintiff worked for Defendants between approximately August 1, 2014 and March 31, 2015, when Plaintiff left her employment with Defendants.

23. Plaintiff had worked as an employee for Defendants in Maricopa County, Arizona for approximately eight months.

24. Plaintiff was hired on approximately August 1, 2014 and ceased employment with Defendants approximately March 31, 2015.

25. Rather than pay Plaintiff the applicable state minimum wage, Defendants paid no hourly wage whatsoever to Plaintiff, leaving her to rely upon tips earned as her only sources of income.

26. As a result of Defendants' failure to pay any hourly wage whatsoever to Plaintiff, Plaintiff was forced to perform work without hourly compensation from Defendants, such that the average of Plaintiff's wages over her regular 40-hour workweek was below the overall minimum wage for a given workweek, and for all workweeks of Plaintiff's employment with Defendants, in violation of 29 U.S.C. § 206(a).

27. Pursuant to the FLSA, 29 U.S.C. § 203(m), and Arizona wage and hour law, employers may impose a tip credit on their tipped employees' wages of up to $3.00 per hour, on the condition that, among other requirements, such employees have been informed by the employer of the provisions of 29 U.S.C. § 203(m).

28. Defendants failed to inform Plaintiff of the provisions of 29 U.S.C. § 203(m) at any time over the duration of her employment with Defendants. As such, Defendants were not entitled to impose any tip credit upon Plaintiff's wages, and Defendants should have therefore paid the full Arizona minimum wage to Plaintiff for all time Plaintiff worked during the course of her regular 40-hour workweeks.

29. As such, full minimum wage for such time is owed to Plaintiff for the entire time she was employed by Defendants.

30. Plaintiff is a covered employee within the meaning of the Fair Labor Standards Act ("FLSA").

31. Plaintiff was a non-exempt employee.

32. From the beginning of Plaintiff's employment through the present day, Defendants failed to compensate Plaintiff for any of the hours she worked. During each and every workweek during which Plaintiff worked for Defendants, she worked approximately forty (40) hours per week, for which time Defendants failed to accurately record Plaintiff's time worked while suffering or permitting her to work nonetheless.

33. Defendants refused and/or failed to properly disclose to or apprise Plaintiff of her rights under the FLSA.

34. Defendants engaged in the regular practice of willfully failing to pay Plaintiff the applicable minimum wage for all time that Defendants suffered or permitted Plaintiff to work.

35. As a result of Defendants' willful failure to pay Plaintiff the applicable minimum wage for all time worked, Defendants paid Plaintiff less than the applicable minimum wage rate for such work that Plaintiff performed over the course of her regular workweeks.

36. Defendants engaged in the regular practice of failing to accurately, if at all, record the time during which Defendants suffered or permitted Plaintiff to work. As such, Plaintiff's time records, if in existence, understate the duration of time each workweek that Defendants suffered or permitted Plaintiff to work.

37. As a result of Defendants' willful failure to compensate Plaintiff the applicable minimum wage rate for such hours worked, Defendants have violated 29 U.S.C. § 206(a).

38. Defendants knew that – or acted with reckless disregard as to whether – their failure to pay to Plaintiff the applicable minimum wage for all time the Defendants suffered

or permitted Plaintiff to work, would violate federal and state law, and Defendants were aware of the FLSA minimum wage requirements during Plaintiff's employment. As such, Defendants' conduct constitutes a willful violation of the FLSA.

39. Defendants have and continue to willfully violate the FLSA by not paying Plaintiff any wage whatsoever for the entire duration of her employment with Defendants.

40. Defendants individually and/or through an enterprise or agent, directed and exercised control over Plaintiff's work and wages at all relevant times.

41. Due to Defendants' illegal wage practices, Plaintiff is entitled to recover from Defendants compensation for unpaid wages, an additional equal amount as liquidated damages, interest, and reasonable attorney's fees and costs of this action under 29 U.S.C. § 216(b).

42. Plaintiff has retained The Bendau Law Firm, PLLC to represent her in this litigation and has agreed to pay a reasonable fee for the services rendered in the prosecution of this action on her behalf.

### COUNT ONE: FAIR LABOR STANDARDS ACT
### COMPLETE FAILURE TO PAY HOURLY MINIMUM WAGE

43. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

44. Defendants intentionally failed and/or refused to inform Plaintiff of the provisions of the "tip credit" and 29 U.S.C. § 203(m) and its supporting regulations.

45. Defendants intentionally failed and/or refused to pay Plaintiff minimum wage according to the provisions of the FLSA for each and every workweek that Plaintiff worked for Defendants, for the duration of her employment, in violation of 29 U.S.C. § 206(a).

46. Defendants intentionally failed and/or refused to pay Plaintiff any wage whatsoever for each and every workweek that Plaintiff worked for Defendants, in violation of 29 U.S.C. § 206(a).

47. As such, full applicable minimum wage for such time Plaintiff worked is owed to Plaintiff for the entire time she was employed by Defendants.

48. Defendants knew that – or acted with reckless disregard as to whether – their failure to pay to Plaintiff any wage at all over the course of her employment would violate federal and state law, and Defendants were aware of the FLSA minimum wage requirements during Plaintiff's employment. As such, Defendants' conduct constitutes a willful violation of the FLSA.

49. Plaintiff is therefore entitled to compensation for the full minimum wage at an hourly rate, to be proven at trial, plus an additional equal amount as liquidated damages, together with interest, reasonable attorney's fees, and costs.

**WHEREFORE**, Plaintiff, Codi Kievit, individually, respectfully requests that this Court grant relief in Plaintiff's favor, and against Boom Entertainment, LLC d/b/a Blur Nightclub, Myan Investments LLC d/b/a Blur Nightclub, Jonathan A. Wechsler, and Garrick R. Boone for compensation for unpaid minimum wages, plus an additional equal amount as liquidated damages, prejudgment and post-judgment interest, reasonable attorney fees, costs, and disbursements of this action, and any additional relief this Court deems just and proper.

## COUNT TWO: ARIZONA REVISED STATUTES
## COMPLETE FAILURE TO PAY HOURLY MINIMUM WAGE

50. Plaintiff realleges and incorporates by reference all allegations in all previous paragraphs.

51. Defendants intentionally failed and/or refused to inform Plaintiff of the provisions of the "tip credit" and 29 U.S.C. § 203(m) and its supporting regulations.

52. Defendants intentionally failed and/or refused to pay Plaintiff minimum wage according to the provisions of the FLSA for each and every workweek that Plaintiff worked for Defendants, for the duration of her employment, in violation of A.R.S. § 23-363.

53. Defendants intentionally failed and/or refused to pay Plaintiff any wage whatsoever for each and every workweek that Plaintiff worked for Defendants, in violation of A.R.S. § 23-363.

54. Defendants intentionally required Plaintiff to incur expenses for the benefit or convenience of her employers, Defendants, for which Defendants did not reimburse Plaintiff, in violation of A.R.S. § 23-363.

55. As such, full applicable minimum wage for such time Plaintiff worked, and reimbursement for all purchases Plaintiff made for the benefit or convenience of Defendants, is owed to Plaintiff for the entire time she was employed by Defendants.

56. Defendants knew that – or acted with reckless disregard as to whether – their failure to pay to Plaintiff any wage at all over the course of her employment would violate federal and state law, and Defendants were aware of the FLSA minimum wage requirements during Plaintiff's employment. As such, Defendants' conduct constitutes a willful violation of the FLSA.

57. Plaintiff is therefore entitled to compensation for the full minimum wage at an hourly rate, to be proven at trial, plus an additional amount equal to twice the unpaid wages as liquidated damages, together with interest, reasonable attorney's fees, and costs.

**WHEREFORE**, Plaintiff, Codi R. Kievit, individually, respectfully requests that this Court grant relief in Plaintiff's favor, and against Boom Entertainment, LLC d/b/a Blur Nightclub, Myan Investments LLC d/b/a Blur Nightclub, Jonathan A. Wechsler, and Garrick R. Boone for compensation for unpaid minimum wages, plus an additional amount equal to twice the unpaid wages as liquidated damages, prejudgment and post-judgment interest, reasonable attorney fees, costs, and disbursements of this action, and any additional relief this Court deems just and proper.

### JURY TRIAL DEMAND

Plaintiff hereby demands a trial by jury on all issues so triable.

RESPECTFULLY SUBMITTED this 31st Day of July, 2015.

            THE BENDAU LAW FIRM, PLLC

            By: /s/ *Clifford P. Bendau, II*
            Clifford P. Bendau, II
            Attorney for Plaintiff