# EXHIBIT A

## CONFIDENTIAL SETTLEMENT AND RELEASE AGREEMENT

1.  **Intent.** The intent of this Confidential Settlement and Release Agreement (hereinafter "Agreement"), is to mutually, amicably and finally resolve, compromise, and settle all issues, actions, claims, liabilities and/or disputes arising out of Codi R. Kievit's employment relationship with Garrick Boone ("Boone") and the termination thereof.

2.  **Parties.** The Parties to this Agreement are Codi R. Kievit, including her marital community (if any), descendants, dependents, heirs, representatives, agents, attorneys, successors and assigns (hereinafter collectively referred to as "Kievit"); and Garrick Boone and each of its/their current and former, officers, directors, agents, representatives, servants, employees, attorneys, fiduciaries, administrators, affiliates, subsidiaries, departments and units, parent and sister corporations, joint ventures, related entities, predecessors, successors, and assigns, and any of their ERISA health and welfare benefit plans (hereinafter collectively referred to as "Boone"). Notwithstanding the foregoing, the Parties agree that this Agreement does not release Kievit's claims, if any, against Boom Entertainment, LLC, Myan Investments, LLC, and/or Jonathan A. Wechsler.

3.  **Release of All Claims That Have Arisen as of the Date of This Agreement and Covenant Not to Sue.** In consideration for the promises and undertakings contained in this Agreement, Kievit hereby releases and discharges, and agrees that she will not institute, prosecute or pursue any and all complaints, claims, charges, claims for relief, demands, suits, actions and causes of action, whether in law or in equity, which she asserts or could assert against Boone, at common law or under any statute, rule, regulation, order, or law, whether federal, state or local, on any grounds whatsoever, asserted or unasserted, inchoate or choate, including but not limited to, any and all claims arising under the Employee Retirement Income Security Act, Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act, the Fair Labor Standards Act, the Civil Rights Act of 1991, the Age Discrimination in Employment Act, the Older Workers Benefit Protection Act, the Worker Adjustment and Retraining Notification Act, the Family and Medical Leave Act, the National Labor Relations Act, 42 U.S.C. § 1981, the Consolidated Omnibus Budget Reconciliation Act (COBRA), the Medicare Secondary Payer statute, 42 U.S.C. § 1395y(b), including any private cause of action under 42 U.S.C. § 1395y(b)(3)(A), the United States Constitution, the Arizona Constitution, the Arizona Employment Protection Act, the Arizona Civil Rights Act, the Arizona Medical Marijuana Act, A.R.S. §§ 23-353, 23-355, 23-356, all additional Arizona statutes regarding payment of wages, and any and all actions for breach of contract, express or implied, breach of the covenant of good faith and fair dealing, express or implied, wrongful termination in violation of public policy, all other claims for wrongful termination and constructive discharge, and all other tort claims, including, but not limited to, intentional or negligent infliction of emotional distress, invasion of privacy, negligence, negligent investigation, negligent hiring or retention, defamation, intentional or negligent misrepresentation, fraud, and any and all other claims arising under laws and regulations relating to employment termination, employment discrimination or retaliation, wages, hours, benefits, compensation, and any and all claims for attorneys' fees and costs (hereinafter referred to as "Kievit Released Matters"). This waiver and release of claims includes, but is not limited to, any and all claims and causes of action related to or within Case

      a.   a check made payable to The Bendau Law Firm PLLC IOLTA Account in the gross amount of Twenty Two Hundred Fifty and 00/100 Dollars ($2,250.00).

The settlement check shall be forwarded to Kievit's counsel, The Bendau Law Firm PLLC, P.O. Box 97066, Phoenix, Arizona 85060 within ten (10) days after receipt by Boone of the executed original copy of this Agreement. Within five (5) days of receipt of the Settlement Proceeds, Plaintiff's Counsel shall file the notice of dismissal with prejudice referenced in paragraph 19 of this Agreement.

Kievit agrees to indemnify Boone in the event any taxing authority seeks payment from Boone of any additional taxes, interest, penalties, or assessments owed by Boone arising out of payment by Boone to Kievit of the Settlement Proceeds, and to hold Boone harmless to the fullest extent of the law as a result of said payment of the Settlement Proceeds.

7.    **No Admission of Liability**. By entering into this Agreement, the parties do not admit to any liability or wrongdoing whatsoever with respect to any claims or conduct heretofore or hereinafter asserted by either party. The parties to this Agreement expressly deny any and all liability and wrongdoing. Boone and Kievit acknowledge and agree that this Agreement may not be used as evidence to prove any alleged wrongdoing or any other alleged wrong, other than a failure to comply with the terms of this Agreement, in any action or proceeding initiated by either party or any other individual or entity against Boone or Kievit. The Parties agree that this Agreement may be used as evidence in any action to enforce the terms of this Agreement.

8.    **Confidentiality**. Kievit agrees that the Agreement and all of its terms, including any and all references to any underlying claims, allegations or disputes which Kievit has or may prospectively have against Boone are strictly confidential and have not and shall not be disclosed, discussed or revealed to any third persons, entities or organizations. Notwithstanding the foregoing, Kievit shall be permitted to disclose and discuss the terms of the Agreement with her spouse, counsel, tax advisors, government tax agencies, or as may be required by Court order. If Kievit or her counsel is asked about the disposition of Kievit's claims against Boone, they may only state that "the dispute is over." Kievit agrees to instruct her spouse, counsel, personal tax advisors, and others to whom disclosure is allowed under the terms hereof that the Agreement and its terms are strictly confidential and may not be disclosed, and further agrees to secure their agreement that they are bound by the terms of the Agreement. Kievit agrees to give written notice to Boone if she is required pursuant to a subpoena or court order to reveal any information specified in this section of the Agreement, prior to providing such information. **Should Kievit breach this confidentiality provision, Boone shall have the right to the immediate return of the consideration set forth in Paragraph 6 of the Agreement and to initiate legal action and obtain injunctive and monetary relief caused by such breach pursuant to the terms of Paragraph 15 of the Agreement.**

9.    **Non-Disparagement.** In order to avoid unnecessary and unfair damage to Boone's business reputation, Kievit agrees to make no statements, whether oral, written or electronic, that would tend to disparage, criticize or ridicule Boone or any individual affiliated with Boone. Boone also agrees to make no statements, whether oral, written or electronic, that would tend to disparage, criticize, or ridicule Kievit or any individual affiliated with Kievit.

10. **Severability and Jurisdiction**. If any of the provisions in this Agreement are determined to be invalid by a Court, arbitrator, or government agency of competent jurisdiction, it is agreed that such determination shall not affect the enforceability of the other provisions herein. Arizona law shall govern the validity and interpretation of this Agreement, without regard to its conflict/choice of law principles. The Parties stipulate that jurisdiction and venue shall lie exclusively in Maricopa County, Arizona, for any action involving the validity, interpretation or enforcement of this Agreement, or for any claim for breach of this Agreement, for damages, and for other relief sought under this Agreement.

11. **Complete Agreement**. It is hereby understood and agreed that no promises, representations, understandings or warranties have been made by any party other than those which are expressly contained herein. It is further understood that this Agreement sets forth the entire agreement between the Parties and fully supersedes any and all prior agreements between the Parties, written or oral, pertaining to the same subject matter of this Agreement. Notwithstanding the foregoing, this Agreement does not supersede, terminate, or negate any prior non-disclosure, non-competition, and/or non-solicitation agreement(s) with Boone, if any, which Kievit may have executed.

12. **Plain Meaning**. This Agreement shall be interpreted in accordance with the plain meaning of its terms and not strictly for or against any of the Parties hereto.

13. **Acknowledgment**. Kievit understands and agrees that she has carefully read and fully understands all the provisions of this Agreement; is, through this Agreement, releasing Boone from any and all existing or prospective claims; knowingly and voluntarily agrees to all of the terms set forth in this Agreement free from any duress or coercion; knowingly and voluntarily intends to be legally bound by the same; and is receiving consideration for this Agreement to which she is not already entitled.

14. **Other Instruments**. The Parties expressly agree to execute any further or additional instruments as may reasonably be required and to perform any other acts necessary to effectuate and carry out the purposes of this Agreement.

15. **Breach or Violation of Agreement**. It is further understood and agreed that if, at any time, a violation of any term of this Agreement is asserted by any party hereto, that party shall have the right to seek performance of that term and/or any other necessary and proper relief, including, but not limited to, damages from any court of competent jurisdiction, and the prevailing party shall be entitled to recover its reasonable costs and attorneys' fees.

16. **Modification**. This Agreement cannot be modified or amended except in writing signed by all parties hereto.

17. **Drafting and Construction**. This Agreement shall not be construed in favor of or against either party on the grounds that said party was less or more involved in the drafting process.

18.     **MMSEA Disclosures.** This settlement is based upon a good faith determination of the Parties to resolve a disputed claim. The Parties have not shifted responsibility of medical treatment to Medicare in contravention of 42 U.S.C. § 1395y(b). The Parties resolved this matter in compliance with both state and federal law. The Parties made every effort to adequately protect Medicare's interest and incorporate such into the settlement terms. Employee warrants that he/she is not a Medicare beneficiary as of the date of this release. Because Employee is not a Medicare recipient as of the date of this release, no conditional payments have been made by Medicare.

19.     **Dismissal with Prejudice.** Counsel for Plaintiffs shall prepare and file a notice of dismissal with prejudice of the Lawsuit. The notice of dismissal with prejudice shall indicate that the Parties are to bear their own fees and cost

IN WITNESS WHEREOF, the Parties hereto, intending to be legally bound, have caused this Agreement to be executed as of the date set forth below.

Dated: 5/30/2017

_____
CODI R. KIEVIT

Dated: 6/13/17

_____
GARRICK BOONE