# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Codi R Kievit,<br><br>    Plaintiff,<br><br>v.<br><br>Boom Entertainment LLC, et al.,<br><br>    Defendants. | No. CV-15-01472-PHX-SMM<br><br>**ORDER** |

Pending before the Court is the parties' joint motion to approve settlement and dismiss suit with prejudice. (Doc. 39.)

Under the reasoning set forth in <u>Lynn's Food Stores, Inc. v. United States</u>, 679 F.2d 1350, 1352-53 (11th Cir. 1982), there are only two ways in which back wage claims under the FLSA can be settled or compromised by employees. One, pursuant to 29 U.S.C. § 216(c), the Secretary of Labor is authorized to supervise payment to employees of unpaid wages owing to them. <u>Id</u>. at 1353. The second way is provided in the context of litigation brought directly by employees against their employer pursuant to § 216(b) to recover back wages. <u>Id</u>. When an employee brings a private action for back wages and presents to the district court a proposed settlement, the district court "may enter a stipulated judgment after scrutinizing the settlement for fairness." <u>Id</u>.

Outside of the FLSA context, the Court normally does not rule on a private settlement agreement negotiated between the parties. However, because this is an FLSA action against Defendants, the parties must seek approval of their settlement agreement in

1. order to ensure its enforceability. The Court may approve the settlement if it is a fair and
2. reasonable compromise of the issues.
3.     The Court has reviewed the proposed Settlement Agreement for $2,250 and finds
4. that the settlement is a fair and reasonable resolution of the issues. The settlement
5. agreement provides back wage compensation ($1,500) and litigation expenses for
6. Plaintiff's counsel ($750) in lieu of attorneys' fees. Therefore, the Court will approve the
7. settlement agreement between the parties and enter a stipulated judgment of dismissal of
8. this case.
9.     Accordingly,
10.     **IT IS HEREBY ORDERED** granting the parties' joint motion to approve the
11. settlement agreement between Defendants and Plaintiff Codi Kievit, and dismissing the
12. claims of Plaintiff Kievit with prejudice, the settlement agreement resolving all back
13. wage compensation and costs. (Doc. 39.) The Clerk of Court shall terminate this
14. litigation.
15.     Dated this 17th day of October, 2017.

Honorable Stephen M. McNamee
Senior United States District Judge